United States District Court
Southern District of Texas

**ENTERED**

November 14, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MANUEL GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-278 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

The Court now considers the motion for summary judgment,[1] filed by U.S. Bank National Association ("U.S. Bank") and JPMorgan Chase Bank National Association ("JPMC") (collectively "Defendants") on May 27, 2016. Manuel Garcia ("Plaintiff") filed a response that included a counter-motion for summary judgment on June 16, 2016,[2] to which Defendants filed a reply on June 21, 2016.[3] In turn, Plaintiff filed a sur-reply on June 30, 2016.[4]

After duly considering the record and relevant authorities, the Court **GRANTS** Defendants' motion for summary judgment, and **DENIES** Plaintiff's counter-motion for summary judgment.

### I.    Background

On June 22, 1999, Plaintiff received a loan for $48,800.00 from Long Beach Mortgage Company ("Long Beach") by signing a Texas Home Equity Adjustable Rate Note ("Note").[5] Under the Note, Plaintiff promised to repay $48,800.00 plus interest in monthly installments

---

[1] Dkt. No. 7.
[2] Dkt. No. 8
[3] Dkt. No. 9.
[4] Dkt. No. 11.
[5] Dkt. No. 8-1, at pp. 9–12 (Plaintiff's original petition explains that Plaintiff and his wife, Avelina Garcia, obtained the home equity loan, yet only Plaintiff signed the Note.).

from August 1, 1999 to July 1, 2014, with any remaining balance due in the final installment.[6] Plaintiff and his wife, Avelina Garcia, signed a Texas Home Equity Security Interest securing the financial obligations under the Note by granting a lien to Long Beach against their property at 823 West 7th Street, San Juan, Texas 78589 ("Plaintiff's property"), with the following legal description:

> All of Lot 2, Block 5, Tierra Del Sol Subdivision, Inc., No. 2, an addition to the City of San Juan, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 19, Page 105, Map Records of Hidalgo County, Texas.[7]

Problems developed within the first few years as on November 18, 2002, First Union National Bank ("First Union"), as Trustee for the Note, filed an Application for Expedited Foreclosure pursuant to Rule 736 of the Texas Rules of Civil Procedure ("Rule 736 Application").[8] Plaintiff then filed for Chapter 13 Bankruptcy on April 10, 2003,[9] but the Bankruptcy proceeding was dismissed on July 21, 2005.[10] Thereafter, on October 11, 2005, notice of acceleration was sent to Plaintiff.[11] Long Beach then assigned the Note to Wachovia Bank, N.A. ("Wachovia") on October 17, 2005,[12] and on October 26, 2005, Wachovia filed a Rule 736 Application.[13]

On October 19, 2006 and October 30, 2006, notices of intent to accelerate were sent to Plaintiff.[14] On December 22, 2006, notice of acceleration was again sent to Plaintiff.[15] On January 5, 2007, Wachovia filed another Rule 736 Application.[16] On March 27, 2007, the 275th

---

[6] *Id.* at p. 9.
[7] *Id.* at p. 13.
[8] Dkt. No. 8-1, at p. 5.
[9] *Id.* at p. 23 (noting that bankruptcy petition was filed on April 10, 2003).
[10] Dkt. No. 8-1, at p. 25.
[11] *Id.* at p. 37.
[12] Dkt. 8-1, at p. 44.
[13] *Id.* at p. 27.
[14] Dkt No. 7-2, at p. 14; Dkt. No. 7-2, at p. 17.
[15] *Id.* at p. 40.
[16] Dkt. No. 1-2, at p. 4.

District Court of Hidalgo County, Texas granted Wachovia's Rule 736 Application to allow foreclosure.[17] On June 4, 2007, Plaintiff again filed for Chapter 13 Bankruptcy.[18] In August 2007, Plaintiff made a payment that was applied as the monthly installment due for November 2004.[19] On December 10, 2007, the Bankruptcy Court dismissed the bankruptcy proceeding.[20]

On May 13, 2011, yet another notice of intent to accelerate was sent to Plaintiff.[21] In February 2012, Wachovia's October 26, 2015 Rule 736 Application was dismissed without prejudice for lack of prosecution.[22] On September 11, 2012 and January 17, 2013, once again, notices of intent to accelerate were sent to Plaintiff.[23] On July 23, 2014, U.S. Bank, as Trustee, successor-in-interest to Wachovia, filed a Rule 736 Application.[24] On April 22, 2015, the 92nd District Court of Hidalgo County, Texas granted U.S. Bank's Rule 736 application to allow foreclosure.[25]

On May 28, 2015, Plaintiff filed suit asserting that Defendants are barred from foreclosing because more than four years have passed since the initial acceleration in 2005.[26] Although not specifically brought as a declaratory judgment action, Plaintiff seeks judgment that "the power of sale under the Note or Deed of Trust is null and void."[27] In other words, Plaintiff seeks a declaratory judgment that the lien is void as the four year statute of limitations expired

---

[17] Dkt. No. 7-2, at p. 57.
[18] *Id.* at p. 60.
[19] *Id.* at p. 3.
[20] *Id.* at p. 116.
[21] *Id.* at p. 43.
[22] Dkt. 8-1, at p. 47.
[23] Dkt. No. 7-2, at p. 20; Dkt. No. 7-2, at p. 27.
[24] Dkt. No. 8-1, at p. 52.
[25] *Id.* at p. 59.
[26] Dkt. No. 1-2, at p. 6–7.
[27] *Id.* at p. 7.

before a sale was made. On September 16, 2015, JPMorgan sent Plaintiff notice of its rescission and abandonment of acceleration.[28]

The Court now considers the instant motion for summary judgment whereby Defendants ask the court to grant a take nothing summary judgment on all of Plaintiff's claims and further enter a judgment that any acceleration prior to September 16, 2015 was abandoned so that the four year statute of limitations does not preclude foreclosure.

## II.    Summary Judgment Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[29] "A fact is 'material' if its resolution could affect the outcome of the action,[30] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the nonmoving party."[31] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[32]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[33] In this showing, "bald assertions of ultimate facts" are insufficient.[34] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[35] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of

---

[28] Dkt. No. 7-2, at p. 121.
[29] FED. R. CIV. P. 56(a).
[30] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[31] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[32] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[33] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[34] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).
[35] *See Celotex Corp.*, 477 U.S. at 323.

evidence.[36] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[37] This demonstration must specifically indicate facts and their significance,[38] and cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[39]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[40] Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[41] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[42] Parties may cite to any part of the record, or bring evidence in the motion and response.[43] By either method, parties need not proffer evidence in a form admissible at trial,[44] but must proffer evidence substantively admissible at trial.[45]

---

[36] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).

[37] *See Celotex Corp.*, 477 U.S. at 323–25.

[38] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[39] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

[40] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

[41] *See id.*

[42] *See* FED. R. CIV. P. 56(e).

[43] *See* FED. R. CIV. P. 56(c).

[44] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

[45] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

### III.    Discussion

Under Texas law, a party must bring suit for "the foreclosure of a real property lien not later than four years after the day the cause of action accrues."[46] Generally, the cause of action for a debt accrues on the maturity date, but may accrue earlier if the loan provides for acceleration.[47] In such case, the cause of action accrues upon effective acceleration, comprised of notice of intent to accelerate and notice of acceleration.[48] A Rule 736 Application preceded by a notice of intent to accelerate may constitute notice of acceleration.[49] "If acceleration is abandoned before the limitations period expires, the note's original maturity date is restored and the noteholder is no longer required to foreclose within four years from the date of acceleration."[50] Acceleration can be abandoned "by agreement or other action of the parties."[51] "A lender waives its earlier acceleration when it 'put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'"[52] Later notice of intent to accelerate "unequivocally manifest[s] an intent to abandon the previous acceleration," and thus, the statute of limitations period ceases to run.[53] Additionally, "accepting payment for less than the total amount of the debt while not pursuing other available remedies can demonstrate abandonment."[54]

In this case, the maturity date of the note is July 1, 2014. Thus, any foreclosure must occur within four years of that date at the latest. However, there have been multiple actions

---

[46] TEX. CIV. PRAC. & REM. CODE § 16.035(a)).

[47] *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (citations omitted).

[48] *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001).

[49] *Burney v. Citigroup Global Markets Realty Corp.*, 244 S.W.3d 900, 904 (Tex.Ct.App. 2008) ("[N]otice of filing an expedited application for foreclosure after the requisite notice of intent to accelerate is sufficient to constitute notice of acceleration.").

[50] *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 Fed.Appx. 677, 679 (5th Cir. 2015).

[51] *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (quoting *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex.Ct.App. 2012)).

[52] *Id.* at 106 (quoting *Leonard*, 616 Fed.Appx. at 677) (alteration in original).

[53] *Id.*

[54] *In re Rosas*, 520 B.R. 534, 539 (W.D. Tex. Oct. 14, 2014) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)).

which either trigger the statute of limitations, or revert it to the original date. The latest of each is generally an abandonment of the prior, provided that any such later abandonment occurred within four years of the prior acceleration.

### a.    November 18, 2002 Rule 736 Application

There is no evidence in the record providing that a notice of intent to accelerate preceded the November 18, 2002 Rule 736 Application. However, assuming arguendo that this Rule 736 Application constituted acceleration, it was abandoned within four years by the July 21, 2005 notice of intent to accelerate. The statute of limitations beginning date thus reverted to July 1, 2014.

### b.    October 11, 2005 Acceleration

The October 11, 2005 acceleration created by the notice of intent to accelerate on July 21, 2005 and the October 11, 2005 notice of intent to accelerate was abandoned by the October 19, 2006 notice of intent to accelerate. Again, the statute of limitations reverted to the original commencement date.

### c.    December 22, 2006 Acceleration[55]

On October 19, 2006 and October 30, 2006, notices of intent to accelerate were sent, and only a single notice of acceleration followed. That notice of acceleration was sent on December 22, 2006, thus constituting acceleration as of that date. That acceleration was abandoned in two ways. *First*, it was abandoned by the acceptance of Plaintiff's payment in August 2007 that was applied as the monthly installment due for November 2004. *Second*, the intent to accelerate sent on May 13, 2011 abandoned the acceleration even though it was sent more than four years after the notice of acceleration. The four year statute of limitations did not run because the limitations

---

[55] The Court acknowledges that a Rule 736 Application was filed on January 5, 2007. Any acceleration that may have been created by that Rule 736 Application was abandoned in the same manner as the December 22, 2006 acceleration.

period was tolled by the automatic stay in Plaintiff's 2007 bankruptcy.[56] The automatic stay lasted for one hundred and sixty-six days, from June 27, 2007 until December 10, 2007. As a result, the end date for the limitations period as accelerated became June 6, 2011. Since the intent to accelerate sent on May 13, 2011 was prior to June 6, 2011, the accelerated statute of limitations is not implicated.

### d.    July 23, 2014 Acceleration

On May 13, 2011, September 11, 2012, and January 17, 2013, notices of intent to accelerate were sent, followed by a Rule 736 Application filed on July 23, 2014. Thus, there was acceleration on July 23, 2014, and it was then abandoned by the notice of rescission and abandonment of acceleration sent on September 16, 2015.

### e.    September 16, 2015 Notice of Rescission and Abandonment

The most recent notice was the notice of rescission and abandonment. As of this date, four years have not passed since that notice was sent. As a result, the four year statute of limitations does not preclude foreclosure, and thus there is still a valid lien against Plaintiff's property.

---

[56] *HSBC Bank USA, N.A. v. Crum*, 2016 WL 728569, at *4 (N.D. Tex. Feb. 24, 2016) (noting that bankruptcy proceedings tolled the statute of limitations for foreclosure on a Note).

IV.     **Holding**

The Court finds that all accelerations prior to September 16, 2015 were abandoned, and thus there is no effective acceleration to accrue a cause of action for purposes of the four year statute of limitations to foreclose. As a result, the lien against Plaintiff's property is still valid and enforceable. For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment, and **DENIES** Plaintiff's counter-motion for summary judgment. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of November, 2016.

_____

Micaela Alvarez
United States District Judge